**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rachelle D Parker, | No. CV-20-02073-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Pending before the Court is Plaintiff Rachelle Parker's appeal from the Commissioner of the Social Security Administration's (SSA) denial of social security disability benefits. Plaintiff has filed her brief, (Doc. 21), the Commissioner has filed a response (Doc. 22), and Plaintiff has replied (Doc. 27). Plaintiff has also filed a motion seeking to amend her reply. (Doc. 28). The Court now rules.

## I.   BACKGROUND

### A. Factual Overview

Plaintiff was 50 years old at the time of the 2019 supplemental hearing. Plaintiff has a history of work as a child monitor. (AR 211). Plaintiff filed her social security claim on January 25, 2016, alleging disability due to lupus, bilateral ear deafness (L > R), partial blindness, lumbar radiculopathy radiating to lower extremities, and lumbar spinal herniation. (AR 198).

The ALJ initially issued a favorable decision finding Plaintiff disabled since the January 25, 2016, application date. (AR 183–91). After additional information on

Plaintiff's income was provided, the ALJ then issued a partially favorable decision finding Plaintiff disabled as of April 23, 2019. (AR 194–223).

Plaintiff appeals, arguing that she was disabled from January 1, 2017, after the time the ALJ found substantial gainful activity, through April 22, 2019, the day before the ALJ found Plaintiff became disabled. (Doc. 21 at 2–3).

**B.   The SSA's Five-Step Evaluation Process**

A claimant must show she "is under a disability" to qualify for disability insurance benefits. 42 U.S.C. § 423(a)(1)(E). The claimant is disabled if she suffers from a medically determinable physical or mental impairment that prevents her from engaging in any "substantial gainful activity." *Id.* § 423(d)(1)-(2). The Social Security Administration has created a five-step process for an ALJ to determine whether the claimant is disabled. 20 C.F.R. § 404.1420(a)(1). Each step can be dispositive. *See id.* § 404.1420(a)(4). "The burden of proof is on the claimant at steps one through four," and the burden shifts to the Commissioner at step five. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009).

At step one, the ALJ examines whether the claimant is "doing substantial gainful activity." 20 C.F.R. § 404.1520(a)(4)(i). If not, then the ALJ proceeds to step two. At step two, the ALJ considers whether the claimant has a physical or mental impairment or a combination of impairments that are "severe." *Id.* § 404.1520(a)(4)(ii). If the ALJ finds that there is severe impairment, then the ALJ proceeds to step three to determine whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. *Id.* § 404.1520(a)(4)(iii). If so, the claimant is disabled. *Id.* If not, the ALJ must assess the claimant's "residual functional capacity" ("RFC") before proceeding to step four. *Id.* § 404.1520(a)(4). The RFC is the most a claimant "can still do despite [her] limitations." *Id.* § 404.1545(a)(1). At step four, the ALJ determines whether the claimant can still do "past relevant work" considering the claimant's RFC. *Id.* § 404.1520(a)(4)(iv). If not, the ALJ proceeds to the final step and examines whether the claimant "can make an adjustment to

1    other work" considering the claimant's RFC, age, education, and work experience. *Id.* §

2    404.1520(a)(4)(v). If an adjustment can be made, the claimant is not disabled. *Id.*

3    **C. The ALJ's Decision**

4        The ALJ denied Plaintiff social security benefits because she determined that

5    Plaintiff was not disabled for the time period subject of this appeal. (AR 14–25). At step

6    one, the ALJ found that Plaintiff did not engage in substantial gainful activity beginning in

7    January 2017. (AR 201). The ALJ further found that Plaintiff had severe impairments. (*Id.*).

8    At step three, the ALJ found that Plaintiff did not have an impairment or combination of

9    impairments that met or medically equaled the criteria of listed impairments in the Social

10   Security Administration's regulations (regulations) for presumptive disability since

11   January 1, 2017. (AR 205). At step four, the ALJ found that prior to April 23, 2019,

12   Plaintiff could perform her past relevant work as a child monitor. (AR 211). The ALJ

13   further found that beginning April 23, 2019, Plaintiff's RFC prevented her from performing

14   her past relevant work. (AR 213). At step five, beginning April 23, 2019, in reliance on

15   vocational expert testimony, the ALJ found that Plaintiff could not perform other work.

16   (AR 213). As a result, the ALJ found that Plaintiff was not under a disability from January

17   1, 2017, through April 22, 2019. (AR 214). Beginning on April 23, 2019, the ALJ found

18   Plaintiff disabled through the date of the decision. (AR 214).

19   **II.    LEGAL STANDARD**

20       This Court may not overturn the ALJ's denial of disability benefits absent legal error

21   or a lack of substantial evidence. *Luther v. Berryhill*, 891 F.3d 872, 875 (9th Cir. 2018).

22   "Substantial evidence means . . . such relevant evidence as a reasonable mind might accept

23   as adequate to support a conclusion." *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017)

24   (quoting *Desrosiers v. Sec'y of Health & Human Servs.*, 846 F.2d 573, 576 (9th Cir. 1988)).

25   On review, the Court "must consider the entire record as a whole, weighing both the

26   evidence that supports and the evidence that detracts from the [ALJ's] conclusion, and may

27   not affirm simply by isolating a specific quantum of supporting evidence." *Id.* (quoting

28   *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014)). The ALJ, not this Court, draws

1    inferences, resolves conflicts in medical testimony, and determines credibility. *See*

2    *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *Gallant v. Heckler*, 753 F.2d 1450,

3    1453 (9th Cir. 1984). Thus, the Court must affirm even when "the evidence admits of more

4    than one rational interpretation." *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). The

5    Court "review[s] only the reasons provided by the ALJ in the disability determination and

6    may not affirm the ALJ on a ground upon which he did not rely." *Garrison*, 759 F.3d at

7    1010.

8    **III.   DISCUSSION**

9        The Court will next consider whether the ALJ erred by rejecting the assessments

10   from Plaintiff's treating physicians Drs. Akash Shah and Aaron Barrett, and Plaintiff's

11   subjective symptom testimony. (Doc. 21 at 1).

12   **A. Medical Opinions**

13       Plaintiff first argues that the ALJ committed materially harmful error by rejecting

14   the assessments from treating physicians Drs. Shah and Barrett. (Doc. 21 at 13). Plaintiff

15   contends that the ALJ failed to give proper deference to the treating physicians.

16       The weight that a particular opinion is afforded is based on who is giving that

17   opinion. *Ghanim v. Colvin*, 763 F.3d 1154, 1160 (9th Cir. 2014). But a treating physician's

18   opinion is not necessarily conclusive. *Thomas v. Barnhart*, 278 F.3d 947, 956 (9th Cir.

19   2002). If a treating physician's opinion is contradicted by another physician's opinion, an

20   ALJ may reject it "by providing specific and legitimate reasons that are supported by

21   substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (citation

22   omitted).

23       The ALJ afforded little weight to opinions of Plaintiff's treating providers,

24   reasoning:

25       These opinions are not consistent with the evidence as a whole. The
         claimant's physical examinations do reveal multiple tenderpoints, with the
26       need for use of a cane for ambulation. However, her physical examinations
         also revealed full strength in the bilateral upper and lower extremities (Ex.
27       C14F/1, C16F/1, C17F/1, C17F/10, C21F/53, C21F/68, C21F/83, C22F/1,
         C22F/9, C22F/13, C22F/24, C22F/41, C25F/3, C25F/7). As treating
28       providers, Doctors Shah and Barrett had the opportunity to examine the

claimant on multiple occasions. However, Their [sic] opinions appear to be an overestimation of the limitations the claimant would experience as a result of her impairments. Additionally, whether a claimant retains the ability to work is an issue reserved to the commissioner (20 CFR 404.1527(d)(1) and (d)(2); 20 CFR 416.927(d)(1) and (d)(2)). For the preceding reasons, the undersigned finds these opinions are not consistent with the evidence as a whole and affords them little weight.

(AR 209). Plaintiff argues that the ALJ's analysis was incomplete because she failed to mention that both doctors stated that she would be off task from 11 to 15 percent of the day due to pain and fatigue. (Doc 21 at 16). Plaintiff claims that these "omitted limitations would be expected to impact" Plaintiff's abilities to work. (*Id.*). Plaintiff further contends that the ALJ lacked "understanding of the nature and course of limitations from fibromyalgia and lupus." (*Id.*). Finally, Plaintiff asserts that the ALJ did not provide adequate rationale for her decisions. (*Id.* at 17–20).

The Commissioner contends that the ALJ properly evaluated the medical opinions under the regulations and provided specific and legitimate reasons in her decision for her assessment of the doctors' opinions. (*Id.* at 7–8).

Here, the ALJ provided sufficiently specific and legitimate reasons for discounting the providers' opinions, and Plaintiff's arguments to the contrary are unpersuasive. The ALJ considered the opinion of Dr. Shah and Dr. Barrett but found that their opinions were not consistent with the evidence. (AR 209). The ALJ pointed to the physical examinations from September 14, 2016, through February 5, 2018, which revealed full strength in the bilateral upper and lower extremities. (AR 209). Additionally, the ALJ looked at Plaintiff's mental status and found that it "did not cause more than minimal limitation in the claimant's ability to perform basic mental work activities." (AR 203). The ALJ relied on examinations, which showed that Plaintiff was "alert and oriented, with good insight and judgement, clear speech, good eye contact and clear thought content." (AR 203). And the ALJ properly evaluated Plaintiff's symptoms with Social Security Ruling 12-2p, discussing signs and symptoms from fibromyalgia and lupus. (AR 204–05).

In making her determination, the ALJ properly considered the doctors' opinions and

found that they were inconsistent with the evidence. That the ALJ did not specifically address every portion of the doctors' opinions in her evaluation does not constitute error. *Dunn v. Comm'r of SSA*, No. CV-20-08108-PCT-JZB, 2021 U.S. Dist. LEXIS 188611, at *33 (D. Ariz. Sep. 29, 2021) ("That the ALJ did not specifically address the earnings record in her evaluation of Plaintiff's statements does not constitute error."); *Howard v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003) (stating that an ALJ is "not required to discuss every piece of evidence"). Nor did the ALJ err in finding that the medical opinions went to "issues reserved to the commissioner," as she provided several reasons why the specific functional assessments of work-related activities were not consistent with the medical evidence. (AR 209). Accordingly, the Court does not find reversal appropriate on these grounds.

Lastly, Plaintiff argues the ALJ erred in affording "partial weight" to opinions from physicians that were over three years before the ALJ decision. (Doc. 21 at 18). Specifically, Plaintiff argues that the "reviewers' opinions were based on review of a fragment of a cold record" and that their "familiarity with the rules and regulations" does not "enhance the value of a *medical* opinion." (Doc. 21 at 19) (italics in original).

Though the state agency medical consultants did not have all the medical records on file, the ALJ found that their opinions were "fairly consistent with the record." (AR 208). Additionally, the Ninth Circuit has allowed ALJs to assign weight to non-examining expert opinion issued years before the decision provided the experts "considered all the evidence before them." *Garner v. Saul*, 805 F. App'x 455, 458 (9th Cir. 2020); *Jennings v. Saul*, 804 F. App'x 458, 462 (9th Cir. 2020). Finally, the ALJ recognized that their opinions were not based on the full record by only assigning partial weight to their opinions and finding further limitations were "more consistent with the record as a whole." (AR 208). The ALJ did not err in affording partial weight to these opinions.

**B. Subjective Symptom Testimony**

Next, Plaintiff argues that the ALJ erred by rejecting Plaintiff's subjective symptom testimony. (Doc. 21 at 20).

The Ninth Circuit has established a two-step analysis for an ALJ to determine

whether to credit a Plaintiff's subjective symptom testimony. "First, the ALJ must determine whether the Plaintiff has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017) (quoting *Garrison v. Colvin*, 759 F.3d 995, 1014–15 (9th Cir. 2014)). If the Plaintiff presents such evidence, the ALJ then evaluates the Plaintiff's subjective complaints. *See id.* "In evaluating the credibility of pain testimony after a Plaintiff produces objective medical evidence of an underlying impairment, an ALJ may not reject a Plaintiff's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain." *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). Instead, an ALJ must provide "specific, clear, and convincing reasons" for doing so. *Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014).

At the first step, the ALJ determined that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms and result "in certain limitations." (AR 207). At the second step, however, the ALJ found that "the objective medical records fail to support the severity of impairments and symptoms alleged." (AR 207). She concludes:

> The claimant's objective medical evidence, the effectiveness of treatment, and the claimant's activities of daily living, illustrate greater functional abilities than alleged. When evaluated, the claimant's subjective complaints appear inconsistent with the other evidence, including the clinical and objective findings of record, and fail to provide a sound basis for a finding of disability. After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

(AR 209). Overall, the ALJ found that Plaintiff's objective medical evidence, the effectiveness of treatment, and her activities of daily living, "illustrate greater functional abilities than alleged." (AR 209). The ALJ further found that when evaluated, Plaintiff's

"subjective complaints appeared inconsistent with the other evidence, including the clinical and objective findings of record, and failed to provide a sound basis for a finding of disability." (AR 209).

Plaintiff argues that the ALJ failed to "identify specific symptom testimony" and "the ALJ decision does not specifically refer to Plaintiff's hearing testimony at all." (Doc. 21 at 21). Moreover, Plaintiff argues that the "ALJ relied on a requirement that does not exist" by rejecting Plaintiff's reported symptoms based on "belief." (Doc. 21 at 22).

The Commissioner contends that the ALJ properly evaluated Plaintiff's testimony, finding that the objective medical evidence was inconsistent with her testimony. (Doc. 22 at 13). The Commissioner further argues that the ALJ followed the regulations in considering the claimant's symptoms. (Doc. 22 at 16).

In rendering a credibility determination, the ALJ may consider several factors, including: "(1) ordinary techniques of credibility evaluation, such as the Plaintiff's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the Plaintiff that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the Plaintiff's daily activities." *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996)). If the ALJ relies on these factors and her reliance is supported by substantial evidence, the Court "may not engage in second guessing." *Id.* (quoting *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002)).

Here, the ALJ considered Plaintiff's testimony with the objective medical evidence. (AR 206–07). Additionally, the Court looked at the effectiveness of treatment and Plaintiff's activities of daily living to conclude that her testimony was not credible. (AR 209). The ALJ found that "the claimant responded well to conservative treatment" as her "pulmonary and cardiovascular examinations were largely normal" and "x-rays of the chest revealed clear lungs." (AR 208). And the ALJ also stated that Plaintiff's audiogram "revealed zero percent word discrimination bilaterally." (AR 208). Finally, the ALJ further found that Plaintiff's activities of daily living "illustrate greater functional abilities than

1    alleged." (AR 209). Accordingly, the ALJ did not commit legal error in discounting

2    Plaintiff's subjective symptom testimony.

3    **IV.    PLAINTIFF'S MOTION TO AMEND (Doc. 28)**

4           Finally, Plaintiff has filed a Motion to Amend (Doc. 28) her reply brief by leave of

5    Court. Plaintiff's proposed amendments consist of changing citations and fixing minor

6    spelling and grammar errors. (Doc 21).

7           The Court finds that any such amendment would be futile. *See Nunes v. Ashcroft*,

8    375 F.3d 805, 808 (9th Cir. 2003) (listing the factors a court may consider to deny a motion

9    to amend and noting that "[f]utility alone can justify the denial of a motion for leave to

10   amend."). Fixing citations and correcting minor spelling and grammar errors would be

11   futile in that it does not accomplish anything. Accordingly, the Court will deny Plaintiff's

12   Motion to Amend. (Doc. 28).

13   **V.    CONCLUSION**

14          For the foregoing reasons,

15          **IT IS ORDERED** that Plaintiff's Motion to Amend (Doc. 28) her Reply is

16   **DENIED**.

17          **IT IS FURTHER ORDERED** that the ALJ decision is **AFFIRMED**. This case is

18   terminated, and the Clerk of Court shall enter judgment accordingly.

19          Dated this 23rd day of February, 2022.

James A. Teilborg
Senior United States District Judge